IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SATAR KHADIM ALYASIRI, #1513108 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:11cv780 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Satar Khadim Alyasiri, an inmate confined in the Texas prison system, filed a *pro se* and *in forma pauperis* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The United States Magistrate Judge issued a Report and Recommendation, recommending that Petitioner's petition be denied and his case dismissed. This court adopted the Report and issued Final Judgment. Petitioner then filed a motion for reconsideration.

**RULE 59(e)**

The Fifth Circuit has observed that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc) (citing 9 Moore's Federal Practice ¶ 204.12[1] at 4-67 (1985)). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. . . . Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal citations and quotations omitted). The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa*

1

*Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). However, it allows a party to "question the correctness of a judgment." *Templet*, 367 F.3d at 478. The rule for reconsideration of a final judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Resource Group, Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

If a motion for relief from judgment is filed within twenty-eight (28) days of final judgment, the motion should be filed as a motion under Rule 59 rather than Rule 60. Fed. R. Civ. P. 59(e); *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994) (citing *Lavespre v. Niagara Mach. & Tool Works, Inc*. 910 F.2d 167, 173 (5th Cir. 1990)). If the motion is served after that time, it falls under Rule 60(b). Fed. R. Civ. P. 60(b). The instant motion was filed within 28 days of final judgment; thus, it is properly filed under Rule 59(e).

## DISCUSSION

In his petition for writ of habeas corpus, Petitioner asserted he was entitled to relief based on *Brady* violations, prosecutorial misconduct, ineffective assistance of counsel, and insufficient evidence. In his current motion for reconsideration, Petitioner reurges his prosecutorial misconduct claims and raises, for the first time, an actual innocence claim. A review of the record shows that Petitioner failed to prove that the prosecution knowingly presented or failed to correct materially false testimony during trial. *Kutzner v. Cockrell*, 303 F.3d 333, 337 (5th Cir. 2002). Due process is not implicated by the prosecution's introduction or allowance of false or perjured testimony unless the prosecution actually knows or believes the testimony to be false or perjured; it is not enough that the testimony is challenged by another witness or is inconsistent with prior statements. *Id.* Perjury is not established by mere contradictory testimony from witnesses, inconsistencies within a witness'

2

testimony and conflicts between reports, written statements and the trial testimony of prosecution witnesses. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990).

Petitioner also failed to rebut the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). Likewise, he failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). He failed to show that there was no reasonable basis for the state court to deny relief. *Harrington v. Richter*, 562 U.S. 86, 98, 131 S. Ct. 770, 784, 178 L. Ed.2d 624 (2011).

For the first time, Petitioner also brings a claim of actual innocence in the instant motion for reconsideration. Unless leave of the court is granted, claims raised for the first time after the Government has filed its Response need not be considered by the court. *See United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (district court does not abuse its discretion in refusing to consider new issues filed without leave of the court after the Government files its Response). To the extent that Petitioner is reasserting his sufficiency of the evidence argument, Petitioner has presented nothing to alter the conclusion that, even if the issue was not barred, the *Jackson* standard was met. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed.2d 560 (1979).

In sum, Petitioner fails to show (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or

fact, or (4) a manifest injustice. *Schiller,* 342 F.3d at 567; *Templet*, 367 F.3d at 479. Accordingly, it is

      **ORDERED** that Petitioner's (Construed) Motion for Reconsideration (dkt #32) is **DENIED**. All motions not previously ruled upon are **DENIED**.

      **SIGNED this the 31st day of March, 2016.**

*/s/ Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE